UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

_____
RENEE KNAPTON
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

                Plaintiffs,

                                                    Trial by Jury
                                                      Demanded

v.                                                   Civil Action No. _____

PROFESSIONAL BUREAU OF
COLLECTIONS OF MARYLAND, INC

                Defendant.

_____      February 15, 2018

Class Action Complaint for Violations of the Fair Debt Collection Practices Act

I. Introduction

    1.    Renee Knapton brings this suit on behalf herself and all those similarly situated against Professional Bureau of Collections of Maryland, Inc., a debt collector, on account of its misrepresentation of and non-compliance with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and federal student loan law.

II. Jurisdiction

    2.    Jurisdiction in this Court is proper under 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1331.

3. This Court has jurisdiction over the defendant and venue in this Court is proper, because the acts complained of occurred in this state and because the Plaintiff and the Class Members are residents of Virginia.

### III. Parties

4. Renee Knapton is a natural person, who at the time of the actions alleged in this Complaint, resided in Virginia.

5. The defendant Professional Bureau of Collections of Maryland, Inc. ("PBCM") is a Maryland Corporation registered to transact business in the Commonwealth of Virginia, and is engaged in the collection of consumer debts. The Defendant uses instrumentalities of interstate commerce in the collection of debts. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, Defendant was a "debt collector" as that term is defined by the FDCPA.

### IV. Factual Allegations

6. Plaintiff Knapton is a "consumer" as that term is defined by FDCPA § 1692a(3).

7. Plaintiff Knapton was a debtor with a debt that was placed into default status.

8. Plaintiff Knapton's debt was "a debt" as that term is defined by the FDCPA.

9. After Knapton's debt was placed into default status, it was assigned to

PBCM for collection purposes.

10. PBCM sent letters to Plaintiff Knapton and the class members seeking to have them pay the defaulted debts. A copy of the letter sent to Plaintiff Knapton (the "Letter") is attached hereto as <u>Exhibit A</u>.

11. The Letter was PBCM's initial communication with Plaintiff.

12. The Letter was directed to Plaintiff at a Virginia address.

13. Upon information and belief, this form of letter was PBCM's initial communication with the other members of the Class.

14. The Letter advises Plaintiff Knapton and the class members, in the very first paragraph, that "if you are represented by an attorney in regards to this debt, print his or her name, address and phone number on the stub of this letter and return it to our branch office located at 11050 Olson Drive, Suite 240, Rancho Cordova, CA 95670".

15. The letter also indicates that the account balance for the debt is $26,148.51.

16. The letter does not include any designation that the amount of the claimed debt may change as interest or other fees accrue.

17. The least sophisticated consumer would believe that the account balance shown was the amount of the debt that they had to resolve, and that this sum would not increase.

18. The lease sophisticated consumer would also believe that in order to advise Defendant that they had an attorney, they had to advise the Defendant in

writing, in the fashion directed by Defendant.

19. In fact, under the FDCPA, there is no requirement that a consumer notify a debt collector in writing that the consumer has an attorney. All that is required is that the debt collector is notified in some fashion of the attorney and the means of contacting said attorney.

20. The least sophisticated consumer would further believe that, given the name of the Defendant (Professional Bureau of Collections of Maryland, Inc.), that the Defendant was affiliated with the government of the State of Maryland.

21. In fact, Defendant is not affiliated with the government of the State of Maryland.

22. PBCM sent the Letter to Knapton on or about October 2, 2017.

23. Knapton received the Letter shortly thereafter.

24. Knapton read the Letter shortly after receiving it.

25. The prohibition against falsely implying an affiliation or authorization of a state or federal government in connection with an attempt to collect a debt, as found in 15 USC §1692e, are required so as to not improperly cause consumers to think that the government has condoned or approved the debt collectors actions, and so as to not frighten a consumer into paying a debt that they may otherwise dispute.

26. The requirement that a debt collector must cease contacting a consumer once they have knowledge of an attorney's representation is important so that procedural hurdles are not placed in front of a consumer, which may cause the

consumer to discuss and settle a debt that is otherwise being handled and disputed by their attorneys.

27. The requirement that a debt collector accurately state the balance of the debt, and any increase that may occur with the debt due to interest or other charges, is important to ensure that a debt collector does not get a consumer to pay a claimed amount, and then come back and demand additional sums. It allows the consumer to know the full amount of what is being sought and settle that full amount at one time.

28. By failing accurately and effectively to convey to Plaintiff and the class members their rights under the FDCPA, Defendant has harmed Plaintiffs and the class members.

29. The acts and omissions of Defendant described above injured Plaintiff and the class members in a concrete way. As a result of these acts and omissions, Plaintiff and the class members were subjected to threats and collection attempts from Defendant, which contained material misrepresentations that deceptively and misleadingly advised from Plaintiff and the class members that 1) the debt collector was affiliated with a state government; 2) the consumer had to write to the debt collector, in a specified manner, in order to notify the debt collector that the consumer had an attorney; and 3) the account balance was static and not subject to change. In other words, Plaintiff and the class members suffered an informational injury as a result of being deprived of information to which they were legally entitled, and as a result of being supplied misleading information. This injury also

created a material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, might make payment decisions that he might not have made had he been given only truthful information.

30. The acts and omissions of Defendant described above injured Plaintiff Knapton and the class members in a particularized way, in that PBCM was obligated by the FDCPA to supply non-misleading information to Plaintiffs specifically, by virtue of the fact that PBCM was attempting to collect a debt from Plaintiff. Moreover, PBCM was obligated by 15 USC §1692e to supply accurate disclosures of the right to dispute a debt, not to the public at large, but to Plaintiffs specifically. Further, PBCM was obligated by 15 USC §1692c(a)(2) to cease communicating with Plaintiffs upon obtaining any notice that they were represented.

31. The debts that Defendant sought to collect from Plaintiff Knapton and the class members were originally incurred for personal, family, or household purposes.

## V. Class Allegations

32. Plaintiff restates, realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

33. Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Knapton brings this action for herself and on behalf of a class initially defined as follows:

> All natural persons who, according to PBCM's records, have a Virginia address, who are similarly situated to Plaintiff in that, within one year of the commencement of this action and continuing to the date that an order is entered certifying this class, PBCM sent them a letter in a form substantially similar or materially identical to Exhibit A,, and which was mailed to an address in Virginia.

34. The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the class, although this information is known by the defendant and is readily ascertainable in discovery. Based upon information readily available concerning the defendant, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and accordingly alleges that there are hundreds and, in all probability, thousands of individuals in the class.

35. There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.

36. Plaintiff's claims are typical of those of the Class that she seeks to represent. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class.

37. Plaintiff is represented by counsel competent and experienced in both consumer protection specific to student loans, and class action litigation, and she has no conflicts with the members of the Class.

38. The common questions of law and fact predominate over any individual questions, in that the letters are form letters, and any individual

questions are subordinate to the common questions of whether PBCM violated the FDCPA by misrepresenting the class members' rights.

39. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the defendants. Moreover, because most class members are unaware of their rights under 15 U.S.C. §1692c to notify the debt collector orally if they are represented by counsel; or how to determine if a debt collector is affiliated with a State government; or of the fact that the account balance stated often changes due to interest charges, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

40. Injunctive relief is appropriate for the Class, under Fed. R. Civ. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff Knapton and the Class members.

VI. Claims for Relief
First Cause of Action
Claims for Violations of 15 U.S.C. § 1692, et seq.

41. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

42. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43. Section 1692c of the FDCPA requires that when a debt collector knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer, the debt collector may not communicate with the consumer directly.

44. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of any debt. Specifically, FDCPA §1692e(1) prohibits the debt collector from making a false implication that they are affiliated with any State. FDCPA §1692e(9) prohibits the use of any written communication which creates a false impression of its source, authorization or approval. FDCPA § 1692e(2)(A) states that a debt collector cannot make a "false representation of the character, amount, or legal status of any debt." FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

45. In other words, PBCM violated the FDCPA as follows:

    A. PBCM falsely represented to consumers that they needed to

                provide written notice of attorney representation, in a form and manner designated by PBCM

       B.    PBCM falsely implied their affiliation with and approval by the government of the State of Maryland.

       C.    PBCM falsely represented the amount or legal status of Plaintiffs' debts; and

       D.    PBCM used a false representation or deceptive means to collect or attempt to collect a debt

D.    PBCM used unfair and unconscionable means to collect and attempt to collect from Plaintiff and the class members.

46.    PBCM's violations in turn violate specific enumerated sections of the FDCPA, as follows:

       A.    It falsely represented to consumers that they needed to provide written notice of attorney representation, in a form and manner designated by PBCM, in violation of 15 U.S.C. §§ 1692c and 1692e(10).

       B.    It falsely implied its affiliation with and approval by the State of Maryland, in violation of 15 U.S.C. §1692e, 1692e(1), 1692e(9) and 1692e(10).

       C.    It falsely represented the amount or legal status of Plaintiffs' debts by failing to disclose that the amounts it was seeking were subject to change, in violation of 15 U.S.C. §1692e, 1692e(2)(A) and 1692e(10).

47.    Plaintiff Knapton and the class members have suffered concrete, particularized harms to legally protected interests because PBCM's false, deceptive, and misleading representations, as set forth above, could detrimentally affect Plaintiffs' decision-making with respect to their alleged debts.

48.    Under 15 U.S.C. § 1692k, PBCM is liable to Plaintiff and the Class

Members to whom it sent the letter.

## Demand for Jury Trial

49. Plaintiff demands trial by jury on all claims and all issues.

## Prayer for Relief

WHEREFORE, Plaintiff Renee Knapton prays that this Court grant the following relief in her favor, and on behalf of the class, and that judgment be entered against Defendant for the following:

(A) Statutory damages as provided by § 1692k(a)(2) of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs;

(C) A declaration that Defendants' form letters, represented by the form sent to the Plaintiff, a copy of which is attached to this Complaint, violate the FDCPA; and

(D) Any other relief that this Court deems appropriate under the circumstances.

PLAINTIFF,
RENEE KNAPTON,
Individually And On Behalf Of The Class,

/s/ Thomas R. Breeden
Thomas R. Breeden, Virginia Bar No. 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, VA 20109
Tel: (703) 361-9277
Fax: (703) 257-2259
Email: trb@tbreedenlaw.com

                    Brian L. Bromberg
                    Bromberg Law Office, P.C.
                    26 Broadway, 21st Floor
                    New York, NY 10004
                    Tel: (212) 248-7906
                    Fax: (212) 248-7908
                    Email: brian@bromberglawoffice.com
                     (Pro Hac Vice to be filed)